WIGGINS, Justice
(special concurrence).
I concur in the result, but write separately regarding the majority’s third-party beneficiary analysis. When interpreting an insurance policy, courts must look to the language of the policy to determine the rights of the parties, not how other courts have treated similar issues. See Ferguson v. Allied Mut. Ins. Co., 512 N.W.2d 296, 299 (Iowa 1994) (stating the court must look to the meaning of the words used in the contract). The analysis in this case should have been from the standpoint of an insured, not of a third-party beneficiary, because under the terms of the policy, Esad Osmic was an insured. The Under-insured Motorists Coverage Insuring Agreement of the policy provided, “Insured as used in this endorsement means ... any other person occupying your covered auto.”
The reason we should analyze this case from the standpoint of an insured is that I am not satisfied a third-party beneficiary has the same rights as an insured under our law. An insurance company has a duty to exercise reasonable care to disclose underinsured motorist coverage to an insured. See Weber v. State Farm Mut. Auto. Ins. Co., 873 F.Supp. 201, 209 (S.D.Iowa 1994) (applying Iowa law to find the insurance company had a duty to disclose coverage to passengers insured under a policy). One treatise describes this duty as follows:
Once an insurer has received notice of an occurrence, there is no reason to restrict the obligation to disclose relevant information about the insured’s rights and duties. If the insurer’s employees or claims representatives process the claim without additional input from the claimants, full responsibility rests on those individuals. If additional actions by claimants or beneficiaries are required, the insurer should be obligated to provide them complete information about the coverages that may provide benefits, what needs to be done, when it needs to be done, and all ancillary rights. Anything less falls short of the insurer’s contractual obligations.
*867 2 Alan I. Widiss & Jeffrey E. Thomas, Uninsured and Underinsured Motorist Insurance § 19.18, at 203 (rev. 3d ed. 2005). The Supreme Court of Pennsylvania described the duty between an insurance company and its insured as follows:
The duty of an insurance company to deal with the insured fairly and in good faith includes the duty of full and complete disclosure as to all of the benefits and every coverage that is provided by the applicable policy or policies along with all requirements, including any time limitations for making a claim.
Dercoli v. Pa. Nat’l Mut. Ins. Co., 520 Pa. 471, 554 A.2d 906, 909 (1989) (emphasis added).
Applying these principles, I would find that Nationwide met its obligations to Osmic as an insured. First, Osmic’s attorney requested a copy of the declaration page and not the policy itself. Nationwide had a duty to provide the declaration page to Osmic in response to his request. See Iowa Code § 507B.4(19) (2011) (making it an unfair insurance practice for an insurer to fail or refuse “to furnish any policyholder or applicant, upon reasonable request, information to which that individual is entitled”). By informing Osmic’s attorney they were not entitled to the declaration page, Nationwide committed an unfair claim settlement practice by “[flailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.” Id. § 507B.4(10)(6). Even with these practices, a genuine issue of fact is not engendered to allow this case to proceed to trial because the declaration page would not include the applicable statute of limitations language.
Moreover, the insurance company gave Osmic’s attorney notice that the statute of limitations under the policy was fast approaching in its April 12 letter. There, Nationwide stated, “I am aware of the fast approaching statute expiration date and will be in contact with you regarding the underinsured claim of Esad once I have had the opportunity to review the information you have provided.” At this point in time, Osmic had over a month, a sufficient amount of time, to request the policy or ask Nationwide what it meant by “the fast approaching statute expiration date” and file suit if a settlement could not be reached. Thus, I would come to the same conclusion as the majority because Nationwide gave its insured notice of the impending statute of limitations and Osmic failed to do anything further in response to the notice.
At the very least, the lesson to learn from this case is that an insured who may be entitled to benefits under underinsured motorist coverage should request the insurance company to provide a copy of the policy or clarify his or her rights under the coverage as soon as practicable.
HECHT and APPEL, JJ., join this special concurrence.